## UNITED STATES v. BOSTON & M. R. R.
### No. 7097.

District Court, D. Massachusetts.
Dec. 28, 1939.

Alfred G. Malagodi, Asst. U. S. Atty., and Edmund J. Brandon, U. S. Atty., both of Boston, Mass., for the United States.

Richard W. Hall, of Boston, Mass., for Boston & M. R. R.

SWEENEY, District Judge.

This is an action to recover the penalty provided in Section 73 for failure to comply with Section 71 of 45 U.S.C.A. (34 Stat. 607) which in substance prohibits the retention of sheep in transit for more than 36 hours without unloading them for rest, water and feeding.

The case was submitted upon a stipulation from which the following findings of fact are made:

The defendant received the car involved from a connecting carrier at Mechanicville, New York, at 7:05 A.M. on October 18, 1936. The car was regularly inspected at Mechanicville, and, no defects being discovered, it left that city at 8:07 A.M. on the same day. It had 10 hours and 18 minutes within which to complete the trip to Boston, and still be within the statutory limit. The average running time from Mechanicville to Boston is 8½ hours. The scheduled time is 8 hours and 45 minutes.

When the train reached Nashua River Bridge, there were indications of a hot box in one of the cars. The train was delayed 20 minutes while an inspection was made. At Ayer, Massachusetts, it became evident that the hot box would prevent hauling the train further, and there was a 25 minute delay while the disabled car was cut out of the train. A further delay of 22 minutes was encountered there waiting for a passenger train to clear, and another 10 minutes for taking on water which was made necessary by the slowing up of the train on the trip from Mechanicville to Ayer. This made a total delay of 55 minutes, all of which can be attributed to the hot box.

There were no adequate unloading facilities between Nashua River Bridge and Boston, and the car was sent directly to Boston, arriving there at 6:55 P.M. on October 18th, which was 30 minutes after the expiration of the statutory period. According to the evidence, the train was thoroughly inspected at Mechanicville, and "no defects were discovered or discoverable". I find that the failure to unload within the 36 hour period was occasioned by an accidental or unavoidable cause which could not have been anticipated or avoided by the exercise of due diligence and foresight.

I therefore conclude that the defendant did not knowingly and willfully violate 45 U.S.C.A. § 71, and that the delay in discharging the sheep was due to an accidental or unavoidable cause.

Judgment will be entered for the defendant. The plaintiff's motion for judgment is denied.